## CIRCUIT COURT OF THE CITY OF RICHMOND

Thomas R. Evans

v.

Chesapeake and Potomac
Telephone Co. of Va., Inc.

Case No. LL 121-1

By JUDGE MELVIN R. HUGHES, JR.

June 26, 1987

The defendant's demurrer [was argued] on March 20, 1987. The matter was taken under advisement at the conclusion of the hearing in order that the Court might read counsel's briefs. By letter dated April 21, 1987, Mr. Robert P. Geary provided a copy of ruling and opinion in a case in the United States District Court for the Eastern District of Virginia, *Thompson v. King's Entertainment Co.*, C.A. No. 86-0572-R. After this, defendant requested and was granted leave to reply, which was filed on May 11, 1987.

In this case plaintiff argues the allegations in his Motion for Judgment make out a contract entered into while he was employed with defendant. He argues the contract was breached when he was terminated in July, 1986.

According to the allegations, plaintiff was the object of a claim of sexual harassment, both criminally and civilly, arising from allegations made by a female subordinate. In October, 1984, plaintiff, while facing two felony sexual battery charges, entered into a plea agreement whereby the two felony counts would be reduced

to misdemeanors on not guilty pleas to the reduced charges with the understanding plaintiff would not contest the Commonwealth's evidence.

The motion for judgment further alleges that prior to the day the plea agreement was consummated in court, defendant was consulted regarding whether the plea agreement would affect plaintiff's employment. Defendant advised that the plea agreement would not affect his employment. Plaintiff proceeded with the plea agreement and he sustained convictions for the misdemeanors. At the time plaintiff was terminated, plaintiff was advised the arrangement or advice he received regarding the plea agreement as having no effect was made in error and that he either could resign or be terminated.

Defendant in its demurrer questions whether plaintiff has sufficiently alleged a contract in connection with his employment which would qualify as a sufficient basis to avoid the employment at will rule.

Plaintiff argues, citing *Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985), by the facts alleged and facts fairly and justly inferred from them, he has made a sufficient cause of action to avoid the sanction of demurrer.

I agree with the defendant in its argument contained in the second paragraphs of its Reply on pages 2 and 4. To say that plaintiff's employment status would not be affected when plaintiff concedes before and after the contract plaintiff was an at will employee suggests defendant's statement of "no change" amounts to no undertaking at all. This is the case even though I recognize plaintiff argues that it can be fairly inferred otherwise because defendant allegedly told plaintiff the "go ahead-no effect" as to the plea bargain was made in error. This is not a fair inference because the "no change" does not set up a promise to do anything the defendant was not otherwise contractually prevented from doing. There is no allegation of bargain and exchange sufficient enough to raise the pleading from being vague and indefinite in this respect, as defendant argues.

Accordingly, the demurrer is sustained and plaintiff is allowed fifteen days to file an amended motion for judgment. Defendant shall have ten days thereafter to file its responsive pleadings.

September 10, 1987

[The] defendant's Demurrer to plaintiff's Amended Motion for Judgment [was argued] on August 31, 1987.

Upon consideration of the briefs and argument in this matter, I have decided to overrule defendant's demurrer, finding that plaintiff's Amended Motion for Judgment states a cause of action for breach of contract. Defendant's alleged promise has been made sufficiently definite, defendant promised not to fire plaintiff on account of the sexual harassment charges brought against him. Plaintiff's Amended Motion for Judgment alleges that in making the promise defendant knew it would receive plaintiff's cooperation in settling Ms. Aguiar's claim and avoid publicity adverse to defendant for consideration. Plaintiff also alleges he performed his end of the bargain and defendant breached it by firing plaintiff for reasons of the sexual harassment charges.

*Sea-Land v. O'Neal*, 224 Va. 343 (1982), a case extensively discussed by both parties, tends to support plaintiff's position. While *Sea-Land* involves a contract to rehire rather than a contract not to fire, the opinion states generally that the employment-at-will rule is rebuttable by a contrary agreement between employer and employee. 224 Va. at 349. As in *Sea-Land*, only a narrow exception is carved out of the rule here: plaintiff alleges that the contract prevents defendant from firing plaintiff *only* for reason of the sexual harassment charges. Also, defendant's distinction of *Sea-Land* as involving inducement of the employee by the employer to contract does not appear to be a meaningful basis for distinguishing the instant case.

I agree with defendant's assertion that specific enforcement is inappropriate in this action because equitable relief would seem to be foreclosed by an available adequate remedy at law in the form of damages as plaintiff also seeks here.

Accordingly, the demurrer to the Amended Motion for Judgment is overruled in part and sustained in part for the reasons heretofore mentioned.